UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT V. OSE, a Natural Person,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendant. | Case No.: :20-cv-02093-BEN-AGS<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT**<br><br>**(2) GRANTING THE JOINT MOTION TO DISMISS**<br><br>**[ECF Nos. 6, 9]** |

I.  **INTRODUCTION**

Plaintiff SCOTT V. OSE, an individual ("Plaintiff") brings this action against Defendant FORD MOTOR COMPANY, a Delaware corporation ("Defendant") for breach for various implied and express warranties related to his purchase of an automobile from Defendant. ECF No. 1.

Before the Court are (1) Plaintiff's Motion to Remand, ECF No. 6, and (2) the Joint Motion to Dismiss the Case brought by Plaintiff and Defendant (the "Joint Motion"), ECF No. 9. After considering the papers submitted, supporting documentation, and applicable law, the Court (1) **DENIES** the Motion to Remand as moot and (2) **GRANTS** the Joint Motion.

## II.   BACKGROUND

### A.   Statement of Facts

On October 15, 2018, Plaintiff purchased a 2018 Ford F-150 pick-up, Vehicle Identification Number 1FTFW1E19JFD86822 (the "Vehicle"), from Defendant, but during the warranty period, the Vehicle developed numerous defects. ECF No. 1-2 at 4:7-9, 5:9-10.

### B.   Procedural History

On September 21, 2020, Plaintiff filed this lawsuit in the San Diego Superior Court, alleging causes of action for (1) breach of the implied warranty of merchantability, CAL. CIV. CODE § 1794; (2) breach of the implied warranty of particular purpose, CAL. CIV. CODE § 1794; (3) breach of the express warranty, CAL. CIV. CODE § 1794; (4) failure to promptly repurchase product, CAL. CIV. CODE § 1793.2(d); and (5) failure to commence repairs within a reasonable time to complete them within thirty days, CAL. CIV. CODE § 1794. *See generally* ECF No. 1-2; *see also* ECF No. 1 at 1:25-2:3. On October 22, 2020, Defendant filed an answer to Plaintiff's complaint. ECF No. 1 at 2:3-4. However, on October 26, 2020, Defendant removed this case to the Southern District of California and filed an answer to the complaint. ECF Nos. 1, 2.

On November 25, 2020, Plaintiff filed a Motion to Remand the Case to the San Diego Superior Court. ECF No. 6. However, on December 7, 2020, the Court held an Early Neutral Evaluation, the parties accepted the Court's settlement proposal, and Magistrate Judge Andrew G. Schopler placed the settlement terms on the record. ECF No. 8. The parties were instructed to provide an oral status report to the Court on the filing of a Joint Motion to Dismiss by March 24, 2021.

On February 24, 2021, the parties filed a Joint Motion to Dismiss.

## III.   LEGAL STANDARD

Where a plaintiff does not proceed by filing a notice or stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *see also Smith v. Lenches,* 263 F.3d

972, 975 (9th Cir. 2001) (providing that a "district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result"); *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982) (noting that "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal"). A dismissal under Rule 41(a)(2) by court order is without prejudice "[u]nless the order states otherwise."

## IV. ORDER

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the parties jointly move to dismiss this entire action *with prejudice.* Having read and considered the Joint Motion submitted by Plaintiff and Defendants, and good cause appearing, the Joint Motion is **GRANTED** as follows:

1. Plaintiff's claims against Defendant are dismissed in their entirety as to all claims for relief *with prejudice* pursuant to Rule 41(a)(2).

2. In light of the dismissal, Plaintiff's Motion to Remand is **DENIED** as moot. *See, e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A]n issue is moot when deciding it would have no effect within the confines of the case itself.").

3. Each party is to bear its own costs, fees, and expenses.

4. *The Clerk of the Court is directed to close this case.*

   **IT IS SO ORDERED.**

DATED:   March 3, 2021

**HON. ROGER T. BENITEZ**
United States District Judge